IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,649-01






EX PARTE GREGORY BARNETT GRIGGS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 28466 IN THE 13TH DISTRICT COURT


FROM NAVARRO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of an elderly person and sentenced to life imprisonment and a ten thousand dollar fine. After
the Tenth Court of Appeals reversed his conviction, this Court reversed the Tenth Court and upheld
his conviction on petition for discretionary review. Griggs v. State, 213 S.W.3d 923 (Tex. Crim.
App. 2007).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by failing
to object to extraneous evidence testimony and failing to investigate the victim's cousin (a known
sex offender who had been at the victim's residence on the day of the assault) as a potential alternate
suspect. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. Counsel's affidavit should address the reasons, if any, that he
failed to object to multiple instances of extraneous offense testimony and failed to pursue the
victim's cousin as a possible alternate suspect. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 21, 2008

Do not publish